FILED
2021 Mar-12 PM 01:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **CURTIS BAKER,** | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.: 5:21-CV-382-HNJ |
| | ) | |
| **CITY OF MADISON, ALABAMA,** | ) | |
| **DANIEL NUNEZ, and DION HOSE** | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

For a complaint against the City of Madison, Alabama, and DANIEL NUNEZ, and DION HOSE, Curtis Baker states:

### Introduction

1. Curtis Baker is a Black man who has epilepsy. From time to time, Baker has grand mal and other seizures. As a result, he has long been well known to paramedics and other personnel in the City of Madison, Alabama, where he lives.

2. In March 2019, Baker and a friend were in an automobile and had a minor accident. Paramedics and, later, police arrived at the scene. By the time paramedics arrived, Baker was having a seizure. Paramedics, Baker's friend, and others explained—over and over again—to the police that Baker was having a

1

seizure. The police told Baker to get on a gurney and get in the ambulance, but Baker declined and asked to speak to his mother. The police then tazed Baker, not once, but multiple times.

3. Baker was not suspected of any crime. He was not arrested. Until after he was tazed, he was not even upset with the police, although he was frustrated. He was never taken to the jail.

4. After this incident, Baker voiced his objections to the way he was treated and hired counsel to request the video recordings of this incident. Madison refused to provide the video. Madison also wrote Baker a letter advising him that everything happened according to municipal policy.

5. Baker still lives in Madison, and he still has epilepsy. He still has seizures, which have increased in frequency and intensity since this incident described above. He brings this action to recover damages for the injuries described herein, but also to obtain injunctive relief prohibiting Madison from applying its unconstitutional policy to him again, so that he may move about the City without fear of being tazed just because he is a Black man with epilepsy who may refuse medical treatment.

## Parties

6. Curtis Baker is a natural person over the age of 21.

7. Baker lives in Madison, Alabama.

8. Baker is Black.

9. The City of Madison is a municipality in the State of Alabama and the County of Madison.

10. Officer DANIEL NUNEZ is a police officer in the City of Madison.

11. Officer DION HOSE is a police officer in the City of Madison.

## Jurisdiction

12. Baker brings this action pursuant to the Ku Klux Klan Act, as codified at 42 U.S.C. 1983. This Court had jurisdiction pursuant to 28 U.S.C. 1331.

13. Venue in this action is appropriate in this division of this U.S. District Court, because the parties live in this division and district, and because the acts giving rise to this action occurred in this division and district.

14. Baker has epilepsy.

15. Baker is a Black man.

16. On March 16, 2019, Baker was in an automobile accident.

17. A friend was in the car with Baker when the accident occurred.

18. The accident occurred within the police jurisdiction of Madison, Alabama.

19. Paramedics came to the scene of the accident.

20. The paramedics who came to the scene of the accident were familiar with Baker because they had responded to medical emergencies involving Baker in the past.

21. Police came to the scene of the accident.

22. In particular, Officer DANIEL NUNEZ came to the scene of the accident.

23. Officer HOSE also came to the scene of the accident.

24. When the paramedics arrived, Baker was having a seizure.

25. When the police arrived, Baker was having a seizure.

26. The police told Baker to get on a gurney and go to the hospital.

27. Baker declined to get on the gurney and go to the hospital.

28. Baker's friend advised the police, including Officers NUNEZ and HOSE, that Baker was having a seizure and that the seizure would likely pass in a few moments.

29. Baker's friend advised the police, including Officers NUNEZ and HOSE, that Baker was having a seizure and that Baker could not fully understand the police.

30. The paramedics advised the police, including Officers NUNEZ and HOSE, that Baker was having a seizure.

31. The paramedics advised the police, including Officers NUNEZ and HOSE, that Baker could not fully understand the police.

32. Baker was not combative with the police.

33. Baker simply did not get on the gurney.

34. Baker was not in danger from traffic.

35. Baker was not endangering anyone.

36. Officer NUNEZ used his tazer on Baker to make Baker get on the gurney to go to the hospital.

37. Baker did not get on the gurney.

38. Officer NUNEZ used his tazer on Baker again to make Baker get on the gurney.

39. A tazer administers electrical shock.

40. A seizure consists chiefly of irregular and excessive electrical impulses that upset ordinary neurological impulses in the brain.

41. Using a tazer on a person who is having a seizure is strongly contraindicated.

42. The use of the tazer on Baker has caused Baker to suffer an increase in the frequency and magnitude of seizures otherwise associated with his epilepsy.

43. Baker still lives in Madison.

44. Baker still has epilepsy, which has been much worse since the day he was tazered.

45. Baker asked Madison to investigate and reprimand the officers involved in this episode.

46. Baker asked Madison to share with him the video recording of the episode.

47. Madison refused to share the video recording of the episode.

48. Madison claimed that the video recording was part of a law enforcement investigation. Upon information and belief, it is averred that the video recording is a display of what happened, *i.e.,* Madison police using a tazer on a harmless Black man having a medical emergency simply because the Black man, who was not committing any crime, refused to accept the medical assistance that medical personnel themselves who were present on site were not insisting that he should receive.

49. Madison advised Baker in writing that what happened to him was consistent with Municipal policy.

50. As a Black man with epilepsy who has lived in Madison for practically all his life, Baker has standing to challenge a policy that authorizes police to use tazers on Black men with epilepsy when those men pose no danger to anyone.

51. The actions of Madison and its police, including Officers NUNEZ and HOSE, were taken under color of State law.

52. Baker was never arrested and was never charged with any crime.

53. Baker has been the subject of intimidation tactics since complaining about what happened to him at the hands of police on March 16, 2021.

## Count I

## 42 U.S.C. 1983

## Officer NUNEZ

54. Baker adopts and incorporates by reference paragraphs 1 through 54 of this Complaint.

55. Officer NUNEZ used excessive force on Baker when Officer NUNEZ used his tazer on Baker.

56. This use of excessive force violated Baker's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

57. The use of excessive force was clearly prohibited by settled precedent.

## Count II

## 42 U.S.C. 1983

## Officer HOSE

58. Baker adopts and incorporates by reference paragraphs 1 through 54 of this Complaint.

59. Officer HOSE knew that Officer NUNEZ was about to use the tazer on Baker when doing so would amount to an unconstitutional application of excessive force.

60. Officer HOSE did not take any measures to stop Officer NUNEZ from using the tazer on Baker, even after Officer HOSE had actually used the tazer on Baker the first time.

61. Officer HOSE was obligated to intervene to stop the unconstitutional application of force on Baker, especially in light of the fact that the application was occurring in the physical presence of Officer HOSE after he had heard that Baker was having an epileptic seizure.

## Count III

## 42 U.S.C. 1983

## City of Madison

62. Baker incorporates by reference paragraphs 1 through 54 of this Complaint.

63. The acts described in this Complaint were the result of the policy of Madison, Alabama, according to the admission of the City.

64. Therefore, Madison must answer in damages for the injuries proximately caused by the acts described in this complaint.

65. The policies themselves are unconstitutional.

66. While Baker is not currently being tazed as this Complaint is filed, the threat to him is sufficiently real that he has standing to demand injunctive relief requiring Madison to change its policies.

WHEREFORE, Baker demands compensatory damages, punitive damages, equitable relief in the form of injunctive relief requiring Madison to change its policy, attorney's fees, and costs.

*Curtis Baker*
Curtis Baker
Attorney for Plaintiff
29570
24573 AM ANDREA LN.
Madison AL. 35756