FILED
2021 Apr-19 PM 03:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **CURTIS BAKER,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: 5:21-cv-00382-HNJ |
| **CITY OF MADISON, ALABAMA, DANIEL NUNEZ and DION HOSE,** | ) |
| **Defendants.** | ) |

## MOTION TO DISMISS BY DEFENDANT DION HOSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Dion Hose moves to dismiss all claims raised against him in plaintiff Curtis Baker's complaint. As grounds, this defendant states as follows:

1. This case arises out of Baker's March 16, 2019 interaction with City of Madison ("City") police officers Daniel Nunez and Dion Hose.

2. On March 12, 2021, Baker filed a pro se complaint against the City, Officer Nunez, and Officer Hose in the United States District Court for the Northern District of Alabama. (Doc. 1).

3. Baker alleges three separate claims in his complaint under 42 U.S.C. § 1983. In Count I, Baker alleges that Officer Nunez used excessive force when he tased him in violation of the Fourth and Fourteenth Amendments. (Doc. 1, ¶¶ 54-57). In Count II, Baker alleges that Officer Hose had an obligation to intervene to

stop Officer Nunez's unconstitutional application of force. (Doc. 1, ¶¶ 58-61). Specifically, Baker alleges that Officer Hose had an obligation to prevent Officer Nunez from tasing him. (Id., ¶¶ 60-61). In Count III, Baker alleges that the City is liable under § 1983 because the officers' conduct was "the result of the policy of Madison, Alabama, according to the admission of the City." (Doc. 1, ¶¶ 62-66). The only count in which Officer Hose is a defendant is Count II.

4.   Baker's interaction with Officer Nunez and Officer Hose was recorded on the officers' body cameras. (Doc. 1, ¶¶ 4, 46-48). Baker references the body camera footage several times in his complaint. Copies of the footage from the body cameras of Officers Nunez and Hose are will be conventionally filed with the Clerk of Court concurrently herewith. Because the body cam videos are referenced in the complaint, they can be considered on this motion to dismiss without converting the motion to one under Fed. R. Civ. P. 56. See, e.g., See, e.g., Nelson v. Lott, 330 F.Supp. 3d 1314 (N.D. Ala. 2018). Alternatively, to the extent the Court finds it necessary to convert the motion, the videos establish the relevant facts in an undisputed manner, and show that there is no genuine issue as to any material fact and Officer Hose is entitled to judgment as a matter of law. Accordingly, the videos justify the entry of summary judgment in favor of Officer Hose. Manners v. Cannella, 891 F.3d 959, 967 (11th Cir. 2018) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)) ("'[w]hen opposing parties tell two stories, one of which is blatantly

contradicted by the record [as with a video recording of the incident,] so that no reasonable jury could believe it, a court should not adopt that version of the facts.").

5. As discussed in detail in this defendant's brief in support of this motion, Officer Nunez tased Baker at approximately 12:06 p.m.; however, Officer Hose did not arrive on scene until nearly two and a half minutes *after* Officer Nunez fired his taser.

6. An officer "who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable for his nonfeasance." Hadley v. Gutierrez, 526 F.3d 1324, 1330 (11th Cir. 2008). However, an officer "becomes liable for failing to intervene only when he or she 'is in a position to intervene and fails to do so.'" Bohanan v. Paulding County, Georgia, 479 F.Supp. 3d 1345, 1362 (quoting Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 924 (11th Cir. 2000)). Where an officer arrives at the scene after the application of the allegedly excessive force, he cannot be liable for failing to prevent that use of force. Militello v. Sheriff of Broward Sheriff's Office, 684 F.Appx. 809, 815 (11th Cir. 2017) (dismissing excessive force claim against officer based on failure to intervene where officer was in different room at time of incident).

7. Because Officer Hose arrived after Officer Nunez used the Taser, he was not "in a position to intervene" and prevent that use of force. Accordingly, Baker's claim against Officer Hose for excessive force is due to be dismissed.

8. Furthermore, even if Officer Hose had been present, to prevail on a claim for excessive force based on a failure to intervene, a plaintiff must not only establish that the officer was "in a position to intervene," but also that the force applied was actually excessive. Crenshaw v. Lister, 556 F.3d 1283, 1293-94 (11th Cir. 2009) (dismissing excessive force claim based on failure to intervene where underlying force was not excessive); Smith v. City of Huntsville, No. 5:14-CV-00555-AKK, 2016 WL 5746216, at *14 (N.D. Ala. Sept. 30, 2016). Baker cannot do so in this case.

9. In determining if the use of force was reasonable, a court must examine (1) the need for the application of force, (2) the relationship between the need and amount of force used, and (3) the extent of the injury inflicted. Draper v. Reynolds, 369 F.3d 1270, 1277–78 (11th Cir.2004) (citing Lee v. Ferraro, 284 F.3d 1188, 1198 (11th Cir. 2002)). "[I]n a 'difficult, tense and uncertain situation' the use of a taser gun to subdue a suspect who has repeatedly ignored police instructions and continues to act belligerently toward police is not excessive force. Zivojinovich v. Barner, 525 F.3d 1059 (11th Cir. 2008) (quoting Draper, 369 F.3d at 1278). "Where a suspect appears hostile, belligerent, and uncooperative, use of a taser might be preferable to a physical struggle causing serious harm to the suspect or officer." Smith v. LePage, 834 F.3d 1285, 1294 (11th Cir. 2016).

10. As discussed more fully in this defendant's brief in support of this motion, Officer Nunez tasing Baker does not constitute excessive force. Before Officer Nunez tased Baker, he repeatedly refused to comply with commands, shoved Officer Nunez, and was shouting obscenities over a period of several minutes. Accordingly, Officer Nunez had ample grounds for his use of force.

11. Finally, even if Officer Nunez used excessive force or Officer Hose had the ability to intervene to prevent that use of force, Officer Hose is entitled to qualified immunity. The only prerequisite for raising the defense is a preliminary showing that the government official was acting within the broad scope of his discretionary authority when taking the allegedly unconstitutional actions. Williams v. Consol. City of Jacksonville, 341 F.3d 1261, 1267 (11th Cir. 2003. "To determine whether an official was engaged in a discretionary function, [courts] consider whether the acts the official undertook are of a type that *fell within the employee's job responsibilities*." Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004) (emphasis supplied). Here, the matters at issue in this case arise out of alleged acts undertaken by Officer Nunez and Officer Hose while they were engaged in the performance of their official duties as police officers for the City.

12. Since Officer Hose has met his initial burden of showing he was engaged in a discretionary function, the burden shifts *to plaintiff* to show that qualified immunity *does not* apply. See Keating v. City of Miami, 598 F.3d 753, 762

(11th Cir. 2010); McClish v. Nugent, 483 F.3d 1231, 1237 (11th Cir. 2007). Courts have applied a two-step test to determine whether officers acting within their discretionary authority may be deprived of qualified immunity. Andujar v. Rodriguez, 486 F.3d 1199, 1202 (11th Cir. 2007). The "threshold question" under that test is this: "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001). If the court finds that a constitutional violation has occurred, the inquiry continues. The question that must be answered at this next step of the analysis is whether "the constitutional right the defendant violated was 'clearly established' at the time he did it." Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004).

13.   Here, the "threshold question" in the qualified immunity analysis is answered in the negative as there is no basis for concluding that Baker's constitutional rights were violated. Even assuming that a constitutional violation *had* occurred in this case, qualified immunity would still protect Officer Hose from liability. Baker has not — and cannot — produce any binding case law to show that Officer Nunez or Officer Hose acted in violation of clearly established law under the precise circumstances they confronted. See Mullenix v. Luna, ___ U.S. ___, 136 S. Ct. 305, 308 (2015) (requiring that "'existing precedent must have placed the

statutory or constitutional question beyond debate.'") (quoting Ashcroft v. Al-Kidd, 563 U.S. 731, 741 (2011)).

14.  Baker's principal argument appears to be that officers should have treated him differently due to his epilepsy. But a litany of cases precludes this sort of contention. The Eleventh Circuit and other circuit courts of appeal have held that officers were entitled to qualified immunity in circumstances similar to those at issue in this case. See, e.g., Callwood v. Jones, 727 Fed. Appx. 552, 560 (11th Cir. 2018); Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1308 (11th Cir. 2009); Long v. Slaton, 508 F.3d 576 (11th Cir. 2007) Bussey-Morice v. Gomez, 587 F.Appx. 621, 629 (11th Cir. 2014) Estate of Hill v. Miracle, 853 F.3d 306, 316 (6th Cir. 2017).

**WHEREFORE**, defendant Dion Hose respectfully requests that the Court dismiss any and all claims raised against him in plaintiff's complaint, with prejudice.

s/ David J. Canupp
David J. Canupp

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue, Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail:  djc@LanierFord.com

Attorney for Defendant Dion Hose

CERTIFICATE OF SERVICE

      I certify that on this 19th day of April, 2021 I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

Curtis Baker
29570 Andrea Lane
Madison, AL 35756

                                                s/ David J. Canupp
                                                David J. Canupp