IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**CURTIS BAKER,**           )
                            )
    **Plaintiff,**         )
                            )
v.                          )   **Case No.: 5:21-cv-00382-LCB**
                            )
**CITY OF MADISON, ALABAMA,** )
**DANIEL NUNEZ and DION HOSE,** )
                            )
    **Defendants.**        )

MOTION TO DISMISS BY DEFENDANT CITY OF MADISON, ALABAMA

    Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant City of Madison, Alabama ("City") moves to dismiss all claims raised against it in plaintiff, Curtis Baker's complaint. As grounds, this defendant states as follows:

    1.    This case arises out of Baker's March 16, 2019 interaction with City of Madison ("City") police officers Daniel Nunez and Dion Hose.

    2.    On March 12, 2021, Baker filed a pro se complaint against the City, Officer Nunez, and Officer Hose in the United States District Court for the Northern District of Alabama. (Doc. 1).

    3.    Baker alleges three separate claims in his complaint under 42 U.S.C. § 1983. In Count I, Baker alleges that Officer Nunez used excessive force when he tased him in violation of the Fourth and Fourteenth Amendments. (Doc. 1, ¶¶ 54-57). In Count II, Baker alleges that Officer Hose had an obligation to intervene to

stop Officer Nunez's unconstitutional application of force. (Doc. 1, ¶¶ 58-61). Specifically, Baker alleges that Officer Hose had an obligation to prevent Officer Nunez from tasing him. (Id., ¶¶ 60-61). In Count III, Baker alleges that the City is liable under § 1983 because the officers' conduct was "the result of the policy of Madison, Alabama, according to the admission of the City." (Doc. 1, ¶¶ 62-66).

4.  Baker's interaction with Officer Nunez and Officer Hose was recorded on the officers' body cameras. (Doc. 1, ¶¶ 4, 46-48). Baker references the body camera footage several times in his complaint. Copies of the footage from the body cameras of Officers Nunez and Hose were conventionally filed with the Clerk of Court concurrently with Officer Hose's motion to dismiss. Because the body cam videos are referenced in the complaint, they can be considered on this motion to dismiss without converting the motion to one under Fed. R. Civ. P. 56. See, e.g., Nelson v. Lott, 330 F.Supp. 3d 1314 (N.D. Ala. 2018). Alternatively, to the extent the Court finds it necessary to convert the motion, the videos establish the relevant facts in an undisputed manner and show that there is no genuine issue as to any material fact and that the City is entitled to judgment as a matter of law. Accordingly, the videos justify the entry of summary judgment in favor of the City. Manners v. Cannella, 891 F.3d 959, 967 (11th Cir. 2018) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)) ("'[w]hen opposing parties tell two stories, one of which is blatantly

contradicted by the record [as with a video recording of the incident,] so that no reasonable jury could believe it, a court should not adopt that version of the facts.").

5. It is well settled law that a municipality is not subject to § 1983 liability under the doctrine of *respondeat superior* based upon the alleged unconstitutional conduct of its employees. Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978); Davis v. DeKalb Cty. Sch. Dist., 233 F.3d 1367, 1375 (11th Cir. 2000). A municipality may only be held liable for the actions of law enforcement officers when official policy or custom causes the constitutional violations. Monell, 436 U.S. at 694. To establish municipal liability a plaintiff must (1) demonstrate that his constitutional rights were violated, and (2) identify a municipal custom or policy that (3) caused the violation. McDowell v. Brown, 392 F.3d 1283, 1289-90 (11th Cir. 2004). According to the Eleventh Circuit, "imposing liability on a municipality without proof that a specific policy caused a particular violation would equate to subjecting the municipality to respondeat superior liability - a result never intended by Section 1983." Gold v. City of Miami, 151 F.3d 1346, 1351 n. 10 (11th Cir. 1998).

6. To survive a motion to dismiss a municipal liability claim, a plaintiff must do more than recite the elements of a cause of action. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient. Gray v. City of Roswell, 486 F.Appx. 798, 800-01 (11th Cir. 2012);

McCants v. City of Mobile, 752 F.Appx. 744, 748 (11th Cir. 2018) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

7. In this case, Baker's municipal claim is factually deficient and does not meet the pleading standards set forth in Twombly and Iqbal. Though Baker generically refers to "municipal policy," he does not cite any specific municipal policies or policy provisions to support the claim that the City had an official policy of tasing epileptic individuals. Additionally, Baker has not alleged facts sufficient to establish that any such policy caused Officer Nunez to tase him. In short, Baker conflates the City's determination that the officers acted in conformity with municipal policy with the City having a specific policy which allows officers to tase epileptic individuals.

8. Baker likewise cannot state a municipal liability claim using a "ratification theory" based on the City approving of the officers' conduct after the fact. The "ratification" theory in § 1983 actions stems from the plurality opinion of the Supreme Court in City of St. Louis v. Praprotnik, 485 U.S. 112, 124 (1988). As the Eleventh Circuit noted in Thomas v. Roberts, "the clear import of Praprotnik is that a local government may be liable for a constitutional tort when policymakers have had the opportunity to review subordinates' decisions before they become final." 261 F.3d 1160, 1174 (11th Cir. 2001), vacated, 536 U.S. 953 (2002),

reinstated, 323 F.3d 950 (11th Cir. 2003) (quoting Praprotnik, 485 U.S. at 127). In other words, the approval of a subordinate's decision must occur before the subordinate acts. Salvato v. Miley, 790 F.3d 1286, 1296 (11th Cir. 2015); Degraw v. Sheriff Bob Gualtieri & Gregory Geopfert, No. 8:18-CV-2116-T-02SPF, 2020 WL 5628719, at *5 (M.D. Fla. Sept. 21, 2020). In this case, the City's approval of the officers' conduct came in a *post*-incident letter. Accordingly, the City did not "ratify" the officers' conduct beforehand and cannot be liable on that basis.

9. Additionally, Baker's claim against the City fails because he cannot prevail on his excessive force claim against Officer Nunez or Officer Hose. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); Mann v. Joseph, 805 F. App'x 779, 786 (11th Cir. 2020); Case v. Eslinger, 555 F.3d 1317, 1328 (11th Cir. 2009); Rooney v. Watson, 101 F.3d 1378 (11th Cir. 1996).

10. As discussed in detail in this defendant's brief in support of this motion, Officer Nunez tased Baker at approximately 12:06 p.m.; however, Officer Hose did not arrive on scene until nearly two and a half minutes *after* Officer Nunez fired his taser.

11. An officer "who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable for his nonfeasance." Hadley v. Gutierrez, 526 F.3d 1324, 1330 (11th Cir. 2008). However, an officer "becomes liable for failing to intervene only when he or

she 'is in a position to intervene and fails to do so.'" Bohanan v. Paulding County, Georgia, 479 F.Supp. 3d 1345, 1362 (quoting Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 924 (11th Cir. 2000)). Where an officer arrives at the scene after the application of the allegedly excessive force, he cannot be liable for failing to prevent that use of force. Militello v. Sheriff of Broward Sheriff's Office, 684 F.Appx. 809, 815 (11th Cir. 2017) (dismissing excessive force claim against officer based on failure to intervene where officer was in different room at time of incident).

12. Because Officer Hose arrived after Officer Nunez used the Taser, he was not "in a position to intervene" and prevent that use of force. Accordingly, Baker cannot establish an excessive force claim against Officer Hose based on a failure to intervene.

13. Baker's excessive force claim against Officer Nunez likewise fails. In determining if the use of force was reasonable, a court must examine (1) the need for the application of force, (2) the relationship between the need and amount of force used, and (3) the extent of the injury inflicted. Draper v. Reynolds, 369 F.3d 1270, 1277–78 (11th Cir.2004) (citing Lee v. Ferraro, 284 F.3d 1188, 1198 (11th Cir. 2002)). "[I]n a 'difficult, tense and uncertain situation' the use of a taser gun to subdue a suspect who has repeatedly ignored police instructions and continues to act belligerently toward police is not excessive force. Zivojinovich v. Barner, 525 F.3d 1059 (11th Cir. 2008) (quoting Draper, 369 F.3d at 1278). "Where a suspect appears

hostile, belligerent, and uncooperative, use of a taser might be preferable to a physical struggle causing serious harm to the suspect or officer." Smith v. LePage, 834 F.3d 1285, 1294 (11th Cir. 2016).

14. As discussed more fully in the City's brief in support of this motion, Officer Nunez tasing Baker does not constitute excessive force. Before Officer Nunez tased Baker, he repeatedly refused to comply with commands, shoved Officer Nunez, and was shouting obscenities over a period of several minutes. Accordingly, Officer Nunez had ample grounds for his use of force.

15. Baker's principal argument appears to be that officers should have treated him differently due to his epilepsy. However, a litany of cases precludes this sort of contention. See, e.g., Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1308 (11th Cir. 2009); Long v. Slaton, 508 F.3d 576, 581 (11th Cir. 2007); Nelson, 330 F.Supp. 3d at 1330; Estate of Hill v. Miracle, 853 F.3d 306, 314 (6th Cir. 2017); Estate of Williams v. Douglas County, No. 1:16-CV-2913-ODE, 2018 WL 9848045, at *15-16 (N.D. Ga. Sept. 6, 2018); Stanley v. City of Baytown, Texas, No. CIV.A. H-04-2106, 2005 WL 2757370, at *6-8 (S.D. Tex. Oct. 25, 2005).

**WHEREFORE**, defendant City of Madison, Alabama respectfully requests that the Court dismiss any and all claims raised against it in plaintiff's complaint, with prejudice.

7

                                                s/ David J. Canupp
                                                David J. Canupp

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue, Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail:  djc@LanierFord.com

Attorney for Defendant City of Madison, Alabama

## CERTIFICATE OF SERVICE

      I certify that on this 21st day of April, 2021 I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

    Curtis Baker
    29570 Andrea Lane
    Madison, AL 35756

                                                s/ David J. Canupp
                                                David J. Canupp